UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22 CR 21 SNLJ (ACL) ) |
| ALLEN BROOKS, JR., | ) ) |
| Defendant. | ) |

### **REPORT AND RECOMMENDATION**

The Indictment pending against Defendant Allen Brooks, Jr., charges that Brooks, a person required to registered under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16913, travelled in interstate commerce and knowingly failed to register as required.

Brooks filed a Motion to Dismiss (Doc. 34) the Indictment. He first claims that "SORNA impermissibly delegated legislative authority to the Attorney General." (Doc. 33 at p. 4-8.) Next, Brooks claims that "SORNA is not a proper exercise of Congress' power under the Commerce Clause." (*Id*. at p. 9-17.)

The Government opposes Brooks' first ground for dismissal arguing that the United States Supreme Court considered and rejected the impermissible delegation argument in *Gundy v. United States*, ___ U.S. ___, 139 S.Ct. 2116, 2122 (2019), as did the Eighth Circuit in *United States v. Zeroni*, 799 Fed.App'x 950, 951 (8th Cir. 2020), *cert. denied* 141 S.Ct. 378 (2020). The Government further argues that the Eighth Circuit considered and rejected Brooks' claim that SORNA violates the Commerce Clause in *United States v. Anderson*, 771 F.3d 1064, 1070-71 (8th Cir. 2014).

Brooks acknowledges that the Eighth Circuit has concluded that neither of his arguments are valid. That said, he wishes to preserve the issues for appeal.

This matter is pending before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Based on the established legal precedent identified by both parties, the undersigned recommends that the Motion to Dismiss be denied.

## Discussion

Brooks' argument that SORNA violates the nondelegation doctrine is foreclosed by *Gundy* wherein a plurality of an eight-member Supreme Court concluded that Congress did not "make an impermissible delegation when it instructed the Attorney General to apply SORNA's registration requirements to pre-Act offenders as soon as feasible." 139 S.Ct. at 2129. The Eighth Circuit cited the conclusion from *Gundy* in *United States v. Zeroni*, in which Brooks' argument was rejected. *Zeroni* highlighted the following reasoning from *Gundy*,

> The delegation was deemed permissible because the Attorney General's delegated role was "limited," involving only the determination of how practically "to apply SORNA to pre-Act offenders as soon as [the Attorney General] thought it feasible to do so." *Id.* at 2125. The plurality found that "because § 20913(d) does not give the Attorney General anything like the 'unguided' and 'unchecked' authority" Gundy had claimed, "the delegation in SORNA easily passes muster," and does not violate the nondelegation doctrine. *Id.* at 2123, 2129.

799 Fed.Appx. 950, 951 (8th Cir. 2020).

As further conceded by Brooks, his remaining argument that SORNA is an improper exercise of Congress' power under the Commerce Clause is also foreclosed. The Eighth Circuit concluded SORNA was constitutional in *United States v. Howell,* 552 F.3d 709, 717 (8th Cir.2009). In particular, it found that the registration requirements of § 16913 are valid under the Commerce Clause and the Necessary and Proper Clause as the requirements are

intended to regulate the interstate movement of sex offenders and "§ 16913 is an 'appropriate aid to the accomplishment' of tracking the interstate movement of sex offenders." *Id.* (quoting *United States v. Darby,* 312 U.S. 100, 121 (1941)).

In *United States v. Anderson*, the Eighth Circuit reflected that the statute charged in the instant Indictment, 18 U.S.C. § 2250(a)(2)(B), requires the Government to prove a defendant travelled in interstate commerce and thereafter failed to register. 771 F.3d 1064, 1070 (8th Cir. 2014). *Anderson* further noted that the statute "derives its authority from. . . the ability to regulate 'persons or things in interstate commerce' and 'the use of the channels of interstate commerce.'" *Id*. at 1070 (citation omitted). The Eighth Circuit noted that 18 U.S.C. § 2250(a)(2)(B), which enforces registration of prior sex offenders who have travelled in interstate commerce "applies to 'those who by some preexisting activity bring themselves within the sphere of federal regulation.'" *Id*. (quoting *Nat'l Fed'n of Indep. Buss. v. Sebelius*, ___ U.S. ___, 132 S.Ct. 2566, 2592 (2012).) *Anderson* then concluded that "the enforcement of the registration requirement is a valid exercise of the Commerce Clause, and Anderson has not 'clearly demonstrated' the lack of constitutional authority for Congress to enact § 2250(a)(2)(B)." *Id*. at 1070-71 (citations omitted).

Brooks wishes to preserve the issues raised for appeal as he believes a majority of the now fully staffed Supreme Court may be willing to reconsider prior precedent upholding SORNA. Justice Gorsuch invited reconsideration of these issues in the conclusion of his dissent in *Gundy*, wherein he stated:

> In a future case with a full panel, I remain hopeful that the Court may recognize that, while Congress can enlist considerable assistance from the executive branch in filling up details and finding facts, it may never hand off to the nation's chief prosecutor the power to write his own criminal code. That "is delegation running riot."

*Gundy*, 139 S.Ct. at 2148 (Gorsuch, J., dissenting).

Because this Court is bound by prevailing law the undersigned must recommend that Brooks' Motion to Dismiss be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Suppress Evidence (Doc. 32) be **denied**.

Further, the parties are advised that they have until October 21, 2022, to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of October, 2022.